**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILFREDO SANTANA, | |
| Petitioner, | Civ. No. 15-8248(RMB) |
| v. | OPINION |
| PATRICK NOGAN, et al., | |
| Respondent. | |

**BUMB,** DISTRICT JUDGE

Before the Court is the Petition for a writ of habeas corpus of Petitioner Wilfredo Santana, ("Petitioner") brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons set forth below, Petitioner's habeas petition is denied, and Petitioner is denied a certificate of appealability.

**I. BACKGROUND**

The following factual summary is taken from the opinion of the Superior Court of New Jersey, Appellate Division, in affirming the denial of Petitioner's post-conviction relief ("PCR") petition:

> Defendant was indicted on two counts of carjacking, N.J.S.A. 2C:15-2a(2), two counts of terroristic threats, N.J.S.A. 2C:12-3b, armed robbery, N.J.S.A. 2C:15-1, and aggravated assault, N.J.S.A. 2C:12-1b(1). Pursuant to a negotiated agreement, defendant, who was extended term eligible as a persistent

1

offender, N.J.S.A. 2C:44-3(d), pled guilty to two counts of carjacking, and the State agreed to recommend concurrent sentences not to exceed twenty-five years on each of the two counts, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

. . .

[The trial judge] sentenced defendant in accordance with the agreement to concurrent twenty-five year terms on each count, subject to the periods of parole ineligibility and supervision required by NERA, along with the appropriate fines and penalties.

Defendant appealed his sentence, which we reviewed on a sentencing calendar, R. 2:9-11, and affirmed. Defendant thereafter filed a timely petition for PCR on September 27, 2007, alleging he received ineffective assistance of counsel in connection with his plea and sentence.

. . .

[The trial judge] found that defendant had committed two separate carjackings in Collingswood and Cherry Hill on December 10, 2003. Defendant approached the first victim in the parking lot of a grocery store in Collingswood as she and a friend were loading their car. Defendant approached the victim with his hand in his pocket, gesturing as if he had a gun, and threatened to kill her if she did not hand over her purse and car keys. The victim handed over both, and defendant drove away with her car as the two women ran for help.

2

> Later that day in Cherry Hill, defendant approached another woman seated in her car in the parking lot of a clothing store. Defendant opened the car door and sat next to the victim. Defendant demanded her keys and threatened to kill her. He grabbed the victim by the neck and repeatedly punched her in the face, breaking her glasses. The victim managed to bite defendant's finger and escape from her car, which defendant drove away. The police stopped defendant in the victim's car a short time later, and he admitted committing both carjackings. Defendant had a bite mark on his finger, and the victims separately identified defendant as the carjacker from a show-up immediately following his apprehension and from a subsequent photo array.

(ECF No. 9-17 at 2-5.)

As noted in the opinion above, Petitioner appealed his sentence and the Appellate Division affirmed on August 3, 2006. (ECF No. 9-6.) Petitioner does not appear to have filed a petition for certification to the New Jersey Supreme Court on direct appeal. Petitioner then filed for PCR on August 30, 2007 (ECF No. 9-7 at 5), which was denied by the PCR court on August 12, 2011. (ECF No. 9-12.) Petitioner appealed his denial of PCR, and the Appellate Division affirmed on January 23, 2014. (ECF No. 9-17.) The New Jersey Supreme Court denied certification on October 9, 2015. (ECF No. 9-29.) Petitioner then filed a habeas Petition

with this Court, executed on November 3, 2015, raising two grounds for habeas relief:

1. The state court's ruling that Petitioner was not subjected [to] ineffective assistance of trial counsel during his plea proceedings [was] in violation of the Sixth Amendment of the United States Constitution [and] is contrary to clearly established federal law, and an unreasonable application of federal law[,] therefore, the writ should issue.

2. The state court's ruling that Petitioner was not subjected [to] ineffective assistance of trial counsel by failing to pursue an intoxication defense [was] in violation of the Sixth Amendment of the United States Constitution [and] is contrary to clearly established federal law, and an unreasonable application of federal law[,] therefore the writ should issue.

(ECF No. 1 at 24–26.)

Respondents filed an Answer in which they argue the Petition is untimely, the claims fail to raise federal issues and the claims lack merit. (ECF No. 9.)

## II. PETITION IS TIME-BARRED

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see also, Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

Here, Petitioner pled guilty and received his judgment of conviction on June 3, 2005. (ECF No. 9-4.) He appealed his sentence, and the Appellate Division affirmed on August 3, 2006.[1] (ECF No. 9-6.) Petitioner then had 20 days to file a petition for certification with the New Jersey Supreme Court, but does not

---

[1] August 3rd refers to the stamped date on the Appellate Division decision.

5

appear to have done so. See N.J. Ct. R. 2:12-3(a). Accordingly, Petitioner's judgment became final on August 23, 2006, on the date when his time to file petition for certification to the New Jersey Supreme Court expired, after which the one-year statute of limitations began to run. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Thompson v. Adm'r New Jersey State Prison, 701 F. App'x 118, 122 (3d Cir. 2017) (explaining the correct start date for calculating the statute of limitations period is the day after the judgment became final). Thus, Petitioner had until August 24, 2007 to file a habeas petition with this Court.

A properly filed PCR petition will statutorily toll the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed a petition for PCR, executed on August 30, 2007[2] (ECF No. 9-7 at 5), six days after his time to file a habeas petition with this Court expired—on August 24, 2007. Thus, even

---

[2] Respondents state that the PCR petition was filed on September 27, 2007. (ECF No. 9 at 30.) That date refers to the stamped date on the petition. (ECF No. 9-7 at 1.) The Court, however, refers to the date the Petition was executed, in Petitioner's favor, taking into consideration the prisoner mailbox rule. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally).

if Petitioner is entitled to statutory tolling, the instant Petition is still untimely. Added to this, because Petitioner did not seek certiorari to the United States Supreme Court on his PCR petition, the period for which he could have done so does not toll the AEDPA statute of limitations. See Stokes v. Dist. Attorney of Cnty. of Phila, 247 F.3d 539, 542 (3d Cir. 2001). Thus, because the New Jersey Supreme Court denied certification on Petitioner's PCR petition on October 9, 2015 (ECF No. 9-29), and the instant habeas Petition was not executed until November 3, 2015, that period of 25 days is added to the total limitations period. (ECF No. 1 at 15.) Thus, Petitioner's habeas Petition is untimely by one month. Absent a showing by Petitioner that he is entitled to equitable tolling, Petitioner's current habeas Petition is untimely.

To be entitled to equitable tolling, Petitioner must show "(1) that he faced extraordinary circumstances that stood in the way of timely filing, and (2) that he exercised reasonable diligence." United States v. Johnson, 590 F. App'x 176, 179 (3d Cir. 2014) (internal citation and quotations omitted). Further, while equitable tolling has been applied to the habeas limitations period, it "is a remedy which should be invoked only sparingly." United States v. Bass, 268 F. App'x 196, 199 (3d Cir. 2008) (internal citations and quotations omitted). Here, Petitioner has made no argument that he is entitled to equitable tolling.

Nevertheless, even if Petitioner could somehow show that equitable tolling applies, his claims fail on the merits.[3]

### III. IN THE ALTERNATIVE, PETITION FAILS ON THE MERITS

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. See Eley v. Erickson, 712 F.3d 837, 846 (3d Cir. 2013); see also Parker v. Matthews, 567 U.S. 37, 40–41 (2012). Under 28 U.S.C. § 2244, district courts are required to give great deference to the determinations of the state trial and appellate courts. See Renico v. Lett, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3] Normally, the Court would afford Petitioner an additional opportunity to demonstrate why his Petition is not time-barred under 28 U.S.C. § 2244(d). Here, because the Court finds the Petition fails on the merits, such opportunity is not necessary.

8

>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. See Woods v. Donald, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Id. Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**A. Ground One and Two: Ineffective Assistance of Counsel**

In his two grounds for habeas relief, Petitioner asserts that his trial counsel was ineffective for misadvising him about the sentence he would receive in pleading guilty, and his counsel failed to properly investigate an intoxication defense. (ECF No. 1 at 24-26.)

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const.

amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness." Hinton v. Alabama, 134 S. Ct. 1081, 1088 (2014).

Second, a petitioner must establish that counsel's "deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." Strickland, 466 U.S. at 669. To establish prejudice, the defendant must show that "there is a reasonable probability that the result of trial would have been different absent the deficient act or omission." Id. at 1083. On habeas review, it is not enough that a federal judge would have found counsel ineffective. The judge must find that the state court's

resolution of the issue was unreasonable, a higher standard. Harrington v. Richter, 562 U.S. 86, 101 (2011).

The same two-part Strickland standard, described above, is applicable to ineffective assistance claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To establish ineffective assistance of counsel in the plea negotiation context, a petitioner must show: (1) counsel's advice regarding the plea offer was not "within the range of competence demanded of attorneys in criminal cases," id. at 56 (internal citation and quotations omitted) and (2) "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Lafler v. Cooper, 132 S. Ct. 1376, 1384–85 (2012) (quoting Hill, 474 U.S. at 59).

The Appellate Division, on appeal from the denial of PCR, laid out the relevant facts, and found the claims meritless:

> Judge Brown noted that he presided over defendant's plea hearing and imposed sentence. At the plea hearing, the prosecutor stated the terms of the agreement on the record, that defendant would receive a sentence of up to twenty-five years, eighty-five percent of which would have to be served without parole. The prosecutor noted that defendant would otherwise be subject to a discretionary extended term as a persistent offender and that his exposure, absent the agreement, would be life imprisonment plus thirty years.
>
> Judge Brown noted that he had questioned defendant at the time of his plea and that

defendant, in response, had testified under oath that he understood the charges to which he was pleading guilty, his maximum exposure, the rights he was giving up, including his right to appeal, to jury trial, and to present witnesses and defenses.  Further, defendant acknowledged signing the plea form (although he had actually only initialed the pages) and that his counsel had reviewed it with him, asked him the questions on the form and circled his answers. Defendant testified that the answers were true and given of his own free will.  He further testified that he understood the State would be recommending a "sentence of twenty-five years that is concurrent for both charges," and that he would "have to serve eighty-five percent of that sentence before becoming eligible for parole."

Defendant testified that he understood the other terms and conditions of the plea agreement, that he was not under the influence of any drugs or alcohol that would impair his ability to understand the proceedings, that he was satisfied with his attorney's services, and had no questions for his counsel, the prosecutor, or the court.  In his factual statement in support of his plea, defendant admitted threatening to kill both drivers if they didn't surrender their cars, that he stole both cars, and that he grabbed one of the women by the neck and repeatedly punched her, resulting in a facial laceration and persistent neck pain.

After his extensive review of the facts surrounding defendant's plea, Judge Brown found that defendant's allegations in his petition that his attorney promised that a $10,000 retainer would result in a ten-year sentence, that the plea form originally said "ten years," but was changed to "twenty-five years," and that he did not understand the provisions of his NERA sentence were flatly contradicted by the record and totally without merit.  The judge also noted that at the time

defendant entered his plea in this matter that he had already "been through the plea process at least five times" and thus his claims of not understanding "the effects of pleading guilty is unbelievable."

. . .

The [PCR court] found no evidence to suggest that counsel had performed an inadequate investigation, failed to find witnesses or failed to pursue a viable intoxication offense. Defendant had not identified witnesses that could have testified on his behalf and did not present an affidavit from an expert that his drug use negated an element of the crime of carjacking. The judge noted that witnesses identified defendant as the carjacker, that he was apprehended driving one of the stolen cars, and he confessed to both carjackings. As defendant's statements and the out-of-court identifications had been deemed admissible, defendant failed to demonstrate that there was a viable defense to present at trial. Accordingly, the judge found that defendant could not establish ineffective assistance of his counsel in connection with his plea under the test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Accordingly, the judge found that defendant could not establish ineffective assistance of his counsel in connection with his plea under the test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

. . .

Our review of the record convinces us that Judge Brown carefully considered each of defendant's claims. We agree that defendant

> failed to demonstrate that the performance of his counsel was substandard or that, but for any of the alleged errors, the result would have been different. Strickland, supra, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698. Accordingly, we affirm substantially for the reasons expressed by Judge Brown in his oral opinion.

(ECF No. 9-17 at 5–9.)

### 1. Plea Deal

In Ground I, Petitioner alleges that his trial counsel advised him that the State was offering a sentence of ten years, but at sentencing he received twenty-five years. (ECF No. 1 at 24-25.) In support of his argument, he points to affidavits supplied by his brother and sister-in-law which state that counsel informed them Petitioner would receive a maximum sentence of 10 years for his plea deal, and the agreement was predicated on counsel receiving $10,000 from Petitioner's family. (ECF No. 9-8 at 44-50.) The affidavits also point to the plea agreement form, in which the years of the aggregate sentence recommended by the prosecutor is crossed out and 25 years is written in. (Id. at 46.) Petitioner further states that he never completed the plea form, but that his trial counsel completed the form instead. (ECF No. 1 at 24.)

The Appellate Division did not unreasonably apply Strickland. The record supports the conclusion that Petitioner was not improperly advised by counsel, and that even if there were

14

deficiencies in the manner described by Petitioner, he was not prejudiced by those deficiencies. During the plea hearing, the State indicated Petitioner would receive a capped sentence of 25 years in New Jersey State Prison, and defense counsel explained that he reviewed the sentence with Petitioner, and that Petitioner had initialed pages one and two and signed page three of the plea agreement form. (ECF No. 9-30 at 3-4.) The court then conducted an extensive colloquy with Petitioner in which Petitioner affirmed that he signed the plea agreement form,[4] that his counsel went over the form and explained it to him, and Petitioner affirmed that he understood the State was recommending "a capped sentence of 25 years, that is concurrent for both charges." (Id. at 5, 7.) Petitioner also denied that there "were any promises or representations made . . . that [we]re not contained in [the] plea agreement" and stated that he was satisfied with this attorney's representation. (Id. at 8.) As well, the judge asked Petitioner if he had any questions for his attorney or the court and if there was anything he did not understand. (Id.) If Petitioner's allegations were true, that he had been promised a maximum sentence of 10 years by his trial counsel, the judge gave Petitioner more than one opportunity to raise that with the court or with counsel.

---

[4] The plea agreement form states: "the prosecutor has agreed to recommend: an aggregate sentence not to exceed 25 yrs NJSP subject to the No Early Release Act . . . ." (ECF No. 9-2 at 2.) There is a cross-out, with the number 25 written above it.

Petitioner, however, raised no objections.  Based on his answers to the questions posed during the plea hearing, it is evident that he understood from his attorney that the sentence offered by the state was a maximum of twenty-five years.  Without more than the self-serving affidavits from his family members, Petitioner has failed to demonstrate that he is entitled to relief on this claim.  See Eley, supra, 712 F.3d at 846 (explaining that a habeas petitioner bears the burden of establishing his entitlement to relief for each claim raised in his petition).

### 2. Intoxication Defense

Petitioner next states that he is a drug addict and was under the influence of drugs at the time he committed his offenses.  Nevertheless, trial counsel failed to pursue an intoxication defense and failed to properly investigate the case.  (ECF No. 1 at 25–26.)

Once again, the Court is satisfied that the Appellate Division did not unreasonably apply Strickland.  As the Appellate Division notes, short of bold assertions, Petitioner provided no factual support to the state court to support his contentions.  Because a Petitioner bears the burden of establishing his entitlement to relief for each claim presented in his Petition, the claim must be denied.  See Eley, supra, 712 F.3d at 846.  Further, as outlined by the Appellate Division, the evidence against Petitioner was overwhelming; both victims identified Petitioner and he was found

driving the stolen car. Thus, even had defense counsel investigated further, Petitioner has failed to demonstrate a reasonable probability that the result would have been different. Thus, the state court's resolution under Strickland was not unreasonable and this claim is denied.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's conclusion that Petitioner has failed to make a substantial showing of the denial of a constitutional right, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further and a certificate of appealability is denied.

17

## V. CONCLUSION

For the reasons stated above, the Petition under 28 U.S.C. § 2254 (ECF No. 1) will be denied and Petitioner is denied a certificate of appealability. An appropriate order follows.

Dated: April 26, 2018

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge